UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CREMATION SERVICES INC.,

                Plaintiff,

       v.

AMERICAN CREMATORY
EQUIPMENT, CO., et al.,

                Defendants.

CASE NO. 2:26-CV-1459-DWC

ORDER GRANTING-IN-PART AND
DENYING-IN-PART PARTIAL
MOTION TO DISMISS

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 13. Currently pending before the Court is Defendants American Crematory Equipment Co, d/b/a American Heath Processing Equipment & Services Co and Michael Burwell's Motion to Dismiss. Dkt. 15. The Court concludes Plaintiff Cremation Services Inc.[1] has failed to state a negligent misrepresentation claim, a Washington State Consumer Protection Act claim, and claims against Defendant Burwell in his individual capacity. Plaintiff has stated a breach of implied covenant of good faith and fair dealing claim and an unjust enrichment claim.[2]

---

[1] Plaintiff is identified as Cremation Services Inc. doing business as Jerns Funeral Home, Jerns Funeral Chapel, Mt. Baker Cremation, Pets and Paw Cremation, and County Cremation Services.

[2] Defendants seek dismissal of only a portion of Plaintiff's claims. Dkt. 15. Therefore, all claims not identified in the Motion to Dismiss remain pending in this action.

Therefore, Defendants' Partial Motion to Dismiss is GRANTED-IN-PART and DENIED-IN-PART.

## I.      Background

In the Complaint, Plaintiff alleges the following: On April 27, 2023, Plaintiff received a detailed written estimate from Defendants for the purchase of a cremator and related equipment, with a "2 Year Expressed Warranty" and "24/7 Technical Support." Dkt. 1-1 at ¶ 8. Plaintiff paid Defendants' estimated amount and paid an additional $29,000 for expediated shipment of the cremator. *Id*. at ¶ 10. The cremator was to arrive no later than July 31, 2023. *Id*. Defendants did not deliver the cremator until October 31, 2023, ninety-two (92) days after the agreed-upon date. *Id*. at ¶ 11. Rather than refund the expediated shipping fee, Defendants offered only a credit. *Id*. at ¶ 12. Defendant represented the cremator would arrive with Underwriters Laboratory ("UL") certification to Plaintiff and the Whatcom Planning Board; however, the cremator arrived without a UL certification and then Defendants over-charged Plaintiff for the UL certification. *Id*. at ¶¶ 13-14. Under the agreement, Plaintiff was responsible for local installation, permitting, and associated labor and costs, which Plaintiff fulfilled. *Id*. at ¶ 9.

Despite Plaintiff's full performance under the contract, the cremator has had persistent and substantial operational defects. *Id*. at ¶ 16. From December 2023 though October 2024, Plaintiff sent numerous text messages to Mario Segovia, Defendants' technician, requesting assistance. *Id*. at ¶ 17. While Defendants dispatched technicians to Plaintiff's facility, Defendants failed to provide service reports and the visits did not result in a functional cure. *Id*. at ¶ 18. Defendants unable to bring the cremator to a functional state. *Id*. at ¶ 19. As a result, Plaintiff was forced to send cremation cases to other facilities. *Id*. at ¶ 20. Plaintiff outsourced cremation services as a mitigation measure necessitated by the cremator's excessive emissions, unsafe

operating conditions, and inability to sustain lawful and continuous operations. *Id*. at ¶ 34. Plaintiff alleges a breach of contract warranties under the Uniform Commercial Code ("UCC") (Claim 1), breach of contract (Washington common law) (Claim 2), breach of express warranty (Claim 3), breach of implied warranty of merchantability (Claim 4), breach of implied warranty of fitness for a particular purpose (Claim 5), revocation of acceptance (Claim 6), negligent misrepresentation (Claim 7), breach of the implied covenant of good faith and fair dealing (Claim 8), violation of the Washington Consumer Protection Act ("CPA") (Claim 9), and unjust enrichment (pled in the alternative) (Claim 10).

Plaintiff initiated this action on March 25, 2026 in the King County Superior Court. Dkt. 1-1. Defendants removed this action from state court to this Court on April 29, 2026. Dkt. 1. On May 21, 2026, Defendants filed the pending Motion to Partially Dismiss Cremation Services, Inc.'s Complaint. Dkt. 15. Plaintiff filed a response and declaration on May 30, 2026 and June, 2026, respectively. Dkts. 16, 17. On June 18, 2026, Defendants filed their reply. The parties did not request oral argument and the Court finds oral argument is not necessary to resolve this Motion.

## II.    Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial

plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

### III.     Request to Strike

Plaintiff filed the Declaration of Brad Bytnar in support of its response to the Motion to Dismiss. Dkt. 18. Defendants request the Bytnar Declaration be disregarded. Dkt. 19 at 3. "Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials)." *cf Gainesville Inv., LLC v. Astronergy Solar, Inc.*, 615 F. Supp. 3d 1137, 1144 (C.D. Cal. 2022); *see also Schneider v. California Dep't. of Corr.*, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998) ("new" facts alleged in a plaintiff's opposition are irrelevant for Rule 12(b)(6) purposes). The Court will not consider the Bytnar Declaration submitted in response to the Motion as it is outside the Complaint and contains new allegations and evidence. Accordingly, Defendants' request to strike the Bytnar Declaration is granted. The Bytnar Declaration (Dkt. 18) is hereby stricken.

### IV.     Discussion

In the Motion to Dismiss, Defendants seek partial dismissal of the Complaint. Dkt. 15. Specifically, Defendants request the Court dismiss Claim 7 (negligent misrepresentation), Claim 8 (breach of implied covenant of good faith and fair dealing), Claim 9 (violation of the CPA),

and Claim 10 (unjust enrichment). Defendants also request the claims against Defendant Burwell be dismissed. *Id.*

A. *Negligent Misrepresentation* (Claim 7)

Plaintiff alleges Defendants supplied false information regarding the cremator's functionality, certification, safety, and suitability. Dkt. 1-1 at ¶ 94. Plaintiff states Defendants failed to exercise reasonable care in obtaining or communicating information. *Id.* at ¶ 95. Plaintiff contends Defendants' representations were independent of the contract itself and Plaintiff justifiably relied on Defendants' representations to its detriment. *Id.* at ¶ 97.

"To prevail on a claim of negligent misrepresentation, a plaintiff must prove by clear, cogent, and convincing evidence that (1) a defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in business transactions, (3) the defendant was negligent in obtaining or communicating false information, (4) the plaintiff relied on the false information supplied by the defendant, (5) the plaintiff's reliance on the false information supplied by the defendant was justified, and (6) the false information was the proximate cause of damages to the plaintiff." *Baker Boyer Nat'l Bank v. Foust*, 436 P.3d 382, 388–89 (Wash. 2018). Washington has adopted the economic loss rule, which bars claims for negligent misrepresentation when a contract allocates liability. *Griffith v. Centex Real Estate Corp.,* 969 P.2d 486 (Wash. 1998). However, the economic loss rule does not bar a claim of negligent misrepresentation if the duty to not commit negligent misrepresentation is independent of the contract. *Jackowski v. Borchelt*, 278 P.3d 1100, 1109 (Wash. 2012).

In the Complaint, Plaintiff does not allege with particularity what statements were made to Plaintiff, who made the statements, and how the statements were independent of the contract.

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 5

*See* Dkt. 1-1. In the Response, Plaintiff states they allege "Defendants made material pre-contractual and extra-contractual representations concerning the cremator's capabilities, functionality, reliability, certification statues, regulatory compliance, performance capacity, and suitability for Plaintiffs' business operations" in effort to induce Plaintiff to purchase the cremator. Dkt. 17 at 8. However, Plaintiff does not cite any allegations in the Complaint. Further, there are no allegations clearly showing Defendants made pre-contractual statements independent of the contract or made extra-contractual representations after the parties entered into the agreement. *See* Dkt. 1-1 at ¶¶ 8, 49. As the Complaint does not clearly allege Defendants made misrepresentations independent of the contractual agreement, Plaintiff's negligent misrepresentation claim fails.

    B.  *Breach of Implied Covenant of Good Faith and Fair Dealing* (Claim 8)

In Claim 8, Plaintiff alleges Defendants "acted in bad faith by refusing to meaningfully repair the cremator, shifting blame, voiding warranties when Plaintiffs sought help, and obstructing Plaintiffs' contractual benefits." Dkt. 1-1 at ¶ 101. Plaintiff claims Defendants' conduct deprived it of the benefit of its bargain. *Id*. at ¶ 102.

Under Washington law, "'[t]here is in every contract an implied duty of good faith and fair dealing' that 'obligates the parties to cooperate with each other so that each may obtain the full benefit of performance.'" *Rekhter v. Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1041 (Wash. 2014) (quoting *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991)). The implied covenant of good faith and fair dealing cannot add or contradict express contract terms and does not impose a free-floating obligation of good faith on the parties. "Instead, 'the duty [of good faith and fair dealing] arises only in connection with terms agreed to by the parties.'" *Id.* (quoting *Badgett*, 807 P.2d at 360); *see also Johnson v. Yousoofian*, 84 Wash.App. 755, 762, 930

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 6

P.2d 921 (1996) ("The implied duty of good faith is derivative, in that it applies to the performance of specific contract obligations. If there is no contractual duty, there is nothing that must be performed in good faith." (citations omitted)). "It may violate the duty of good faith and fair dealing to, for example, (1) evade the spirit of a bargain; (2) willfully render imperfect performance; (3) interfere with or fail to cooperate in the other party's performance; (4) abuse discretion granted under the contract; or (5) perform the contract without diligence." *Retsel Corp. v. Expedia, Inc.*, 2026 WL 91599, at *4 (W.D. Wash. Jan. 13, 2026) (quotation and citation omitted). To bring a good faith and fair dealing claim, a party must first identify the contractual obligation that was breached by the opposing party. *Kautsman v. Carrington Mortg. Servs. LLC*, 2017 WL 2986303, at *3 (W.D. Wash. July 13, 2017).

Based on the allegations in the Complaint, Defendants breached the implied covenant of good faith and fair dealing by failing to meaningfully repair the cremator, shifting blame, voiding warranties, and obstructing Plaintiff's contractual benefits. Dkt. 1-1 at ¶ 103-04. While the parties have not provided the contract, from the allegations in the Complaint, under the contract, Defendants were obligated to repair the cremator. *See* Dkt. 1-1. Defendants failed to provide a functional cremator and, after approximately one year, Plaintiff received a recommendation from a third-party engineer because Defendant did not remedy the cremator's defects. *See id*. at ¶¶ 41-45. The allegations are sufficient at this stage to state a claim for breach of the implied covenant of good faith and fair dealing. Therefore, the Motion to Dismiss Plaintiff's breach of implied covenant of good faith and fair dealing claim is denied. *See Accretive Tech. Grp., Inc. v. Adobe Sys., Inc.*, 2015 WL 4920079, at *9 (W.D. Wash. Aug. 17, 2015) (declining to dismiss claim for breach of the implied covenant of good faith and fair dealing where the facts alleged were

ORDER GRANTING-IN-PART AND DENYING-IN-PART PARTIAL MOTION TO DISMISS - 7

sufficient to find Defendant's actions showed a lack of cooperation under the terms of the contract so that Plaintiff could obtain the full benefit of its performance under the contract).

C.  *Consumer Protection Act* (Claim 9)

Next, Defendants assert Plaintiff's CPA claim should be dismissed. Dkt. 15. In order to recover under the CPA, a plaintiff must prove "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 533 (1986) (en banc). "The CPA is to be 'liberally construed that its beneficial purposes may be served.'" *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 889 (Wash. 2009) (quoting RCW 19.86.920). If deception is alleged, the plaintiff "need not show that the act in question was intended to deceive, but that the alleged act had the capacity to deceive a substantial portion of the public.'" *Hangman Ridge*, 105 Wn.2d at 785. "Deception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer." *Panag*, 166 Wn.2d at 50 (citation omitted). "Whether an act is unfair or deceptive under the CPA is a question of law." *State v. LA Invest., LLC*, 2 Wn. App. 2d 524, 538, 410 P.3d 1183 (2018).

Plaintiff alleges Defendants committed unfair and deceptive acts or practices related to representing the cremator was operational and UL certified at delivery. Dkt. 1-1 at ¶ 106. Plaintiff further asserts that Defendants committed unfair and deceptive acts related to: providing competent warranty service and technical support; billing Plaintiff for services that were not provided; failing to disclose known defects; and voiding or attempting to void warranties. Dkt. 1-1 at ¶ 106. Plaintiff states Defendants' conduct impacts the public because they sell cremation equipment to Washington consumers. *Id*. at ¶ 109.

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 8

Courts use a four-factor test to evaluate whether a private dispute implicates the public interest:

> Factors indicating that a private dispute affects the public interest include: (1) whether the "alleged acts" were "committed in the course of the defendant's business"; (2) whether the defendant "advertise[d] to the public in general"; (3) whether the defendant "actively solicit[ed] th[e] particular plaintiff"; and (4) whether the parties "occupy unequal bargaining positions."

*Zunum Aero, Inc. v. Boeing Co.*, 2022 WL 2116678, at *12 (W.D. Wash. June 13, 2022) (alteration in original) (quoting *Hangman Ridge*, 105 Wn.2d at 790). "Not one of these factors is dispositive, nor is it necessary that all be present." *Hangman Ridge*, 105 Wn.2d at 791.

The Complaint is silent as to whether Defendants advertised to the public in general, whether Defendants actively solicited Plaintiff, or whether the parties occupied unequal bargaining positions. Plaintiff alleges it entered into a contract with Defendants, but it does not explain how the parties came to be involved with one another – for example, who sought business from whom and how the relationship unfolded. Plaintiff makes no allegations regarding Defendants' advertising practices and offers no factual allegations related to the relative bargaining power possessed by the parties. *See* Dkt. 1-1. Rather, the Complaint contains a vague, conclusory statement that Defendants market and sell cremation equipment to Washington consumers. *Id*. at ¶ 109. This is not sufficient to show this private dispute implicates a public interest. Therefore, the Motion to Dismiss Plaintiff's CPA claim is granted. *See Surface Art, Inc. v. Tesserae Techs., LLC*, 2025 WL 1267433, at *13 (W.D. Wash. May 1, 2025) (granting motion to dismiss CPA claim where the complaint alleged only one public-interest factor that weighed in favor of finding the private dispute implicates the public interest); *Robinett v. Opus Bank*, 2013 WL 5850873, at *4 (W.D. Wash. Oct. 30, 2013) (dismissing CPA claim where only two "public interest" factors weighed in favor of sustaining the claim).

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 9

D.  *Unjust Enrichment* (Claim 10)

In Claim 10, Plaintiff alleges an unjust enrichment claim, pled in the alternative. Dkt. 1-1. Under Washington law, "[u]njust enrichment occurs when one retains money or benefits which in justice and equity belong to another." *Bailie Communications v. Trend Business Sys.*, 810 P.2d 12, 18 (Wash. App. 1991). To prevail on an unjust enrichment claim, a plaintiff must show that (1) it conferred a benefit on the defendant, which came at its own expense; (2) the defendant knew and appreciated the benefit; and (3) this occurred under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258 (Wash. 2008) (citation omitted). "Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Id.* "The core of unjust enrichment is the notion that a defendant has received a right or benefit that belonged to the plaintiff." *BOFI Fed. Bank v. Advance Funding LLC*, 2015 WL 5008860, at *2 (W.D. Wash. Aug. 20, 2015) (citing *Young*, 164 Wash. 2d at 484); *see also Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wash. App. 719, 731–32, 741 P.2d 58 (1987) (requiring the defendant's enrichment to be "at the expense of another contrary to equity").

In the Complaint, Plaintiff alleges it is raising an unjust enrichment claim in the alternative and the claim applies only to the extent the Court determines no enforceable contract governs some or all of the benefits conferred upon Defendants. Dkt. 1-1 at ¶¶ 117. Rule 8(d)(2) permits alternative pleading; the rule contemplates genuine uncertainty about a contract's existence or validity—not the assertion of duplicative claims resting on the same contractual premise. *Cf. Smith v. Legal Helpers Debt Resolution, LLC*, No. 11-5054 RJB, 2011 WL 5166494, at *9 (W.D. Wash. Oct. 31, 2011) (permitting unjust enrichment claim to proceed

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 10

where plaintiff disputed the validity of the contract). Here, Plaintiff alleges a valid contract exists and all the allegations related to the unjust enrichment claim appear to arise from the contractual agreement. *See id*. at ¶¶ 116-24. Plaintiff states Defendants were unjustly enriched when they retained payments for the cremator, expedited shipping fees, and sums paid in reliance on Defendants. *Id*. at ¶ 118. "Having affirmed the existence of a binding contract, [Plaintiff] may not disregard it and pursue a quasi-contractual theory for the same matter." *Sargsyan v. Amazon.com Inc*, 2026 WL 607715, at *2 (W.D. Wash. Mar. 4, 2026). However, Plaintiff may allege that "if no valid contract governs the transaction at issue, [Defendant] was nonetheless unjustly enriched." *Id*.

While the parties do not outright dispute a valid contract exists, the parties have not provided a copy of the contract for the Court to consider the validity and scope. Further, in their answer, Defendants state only that the parties entered into a written contract and denied any characterization of that contract in response to Plaintiff stating the parties entered into a valid and enforceable contact. *See* Dkt. 16 at ¶ 49; Dkt. 1-1 at ¶ 49. As Plaintiff has very clearly alleged this claim in the alternative *only if* the Court finds the contract is unenforceable and the content of the contract has not been reviewed, the Motion to Dismiss Plaintiff's unjust enrichment claim is denied. *See Scott v. Carr*, 2020 WL 6381812, at *4 (W.D. Wash. Oct. 30, 2020) (declining to dismiss unjust enrichment claim where the parties had not agreed the agreement constituted a valid contract and the validity of the contract remained in dispute); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1267 (W.D. Wash. 2009) (declining to dismiss unjust enrichment claim where "there has been no holding ... that a *valid* contract between the parties governs" the challenged action by the defendants) (emphasis in original).

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 11

E. *Defendant Burwell*

Plaintiff names Defendant Burwell, the Chief Executive Office ("CEO") and Registered Agent of Defendant American Crematory Equipment Co., as a defendant. Defendants seek dismissal of Defendant Burwell because a corporate officer is not personally liable for the corporation's contractual obligations absent a showing of personal participation. Dkt. 15 at 13-14.

The alter ego theory derives from the notion that courts should not respect the separateness of a corporation and its parent where the parent exerts such an amount of control and dominance over the corporation that it becomes a mere shell or "alter ego" of the parent for accomplishing improper purposes. *United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998). To pierce the corporate veil, a plaintiff must show (1) the corporate form was used to violate or evade a duty, and (2) the corporate veil must be disregarded to prevent loss to an innocent party. *Wash. Water Jet Workers Ass'n v. Yarbrough*, 151 Wn.2d 470, 503, 90 P.3d 42 (2004).

Here, Plaintiff's allegations related to Defendant Burwell are that he is the CEO of Defendant American Crematory Equipment Co. and that Plaintiff sent him an email detailing blocked upstream oxygen test ports. Dkt. 1-1 at ¶¶ 4, 29. There are no allegations to support naming Defendant Burwell individually. Further, Plaintiff did not respond to this portion of Defendants' Motion to Dismiss. *See* Dkt. 17. Pursuant to this Court's Local Rules, Plaintiff's failure "to file papers in opposition to a motion ... may be considered by the court as an admission that the motion has merit." *See* Local Civil Rule ("LCR") 7(b)(2). As Plaintiff has not opposed this portion of Defendants' Motion to Dismiss, the Court finds Plaintiff has admitted the Motion to Dismiss Defendant Burwell has substantial merit. For these reasons, the Court finds Defendants' Motion to Dismiss Defendant Burwell is granted.

ORDER GRANTING-IN-PART AND DENYING-
IN-PART PARTIAL MOTION TO DISMISS - 12

## V.      Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court finds Plaintiff may be able to cure the deficiencies in the negligent misrepresentation and CPA claims. However, the Court finds any amendment would be futile for the claims against Defendant Burwell.

## VI.     Conclusion

For the above stated reasons, Defendants' Partial Motion to Dismiss is GRANTED-IN-PART and DENIED-IN-PART. Plaintiff has stated a breach of implied covenant of good faith and fair dealing claim and an unjust enrichment claim. However, Plaintiff's negligent misrepresentation and CPA claims are dismissed with leave to amend and all claims against Defendant Burwell in his individual capacity are dismissed with prejudice. All other claims alleged in the Complaint remain.

If Plaintiff wishes to file an amended complaint, any such amended complaint must be filed within twenty-one (21) days from the date of this Order and must reassert all claims still remaining in this case. The amended complaint will be a complete substitute for Complaint and not a supplement to the Complaint.

Dated this 17th day of July, 2026.

David W. Christel
United States Magistrate Judge