UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CREMATION SERVICES INC.,

Plaintiff,

v.

AMERICAN CREMATORY EQUIPMENT, CO.,

Defendant.

CASE NO. 2:26-CV-1459-DWC

ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S PARTIAL MOTION TO DISMISS

Currently pending before the Court is Defendant American Crematory Equipment Co, d/b/a American Heath Processing Equipment & Services Co.'s Second Motion to Dismiss. Dkt. 25.[1] The Court concludes Plaintiff Cremation Services Inc.[2] has failed to state a Washington State Consumer Protection Act claim; Plaintiff, however, has sufficiently pled a negligent misrepresentation claim.[3] Therefore, Defendant's Partial Motion to Dismiss is granted-in-part and denied-in-part.

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 13.

[2] Plaintiff is identified as Cremation Services Inc. doing business as Jerns Funeral Home, Jerns Funeral Chapel, Mt. Baker Cremation, Pets and Paw Cremation, and County Cremation Services.

[3] Defendant seeks dismissal of only a portion of Plaintiff's claims. Dkt. 15. All claims not identified in the Motion to Dismiss remain pending in this action.

## I. Background

In the First Amended Complaint ("FAC"), Plaintiff alleges the following: On April 27, 2023, Plaintiff received a detailed written estimate from Defendant for the purchase of a cremator and related equipment, with a "2 Year Expressed Warranty" and "24/7 Technical Support." Dkt. 24 at ¶ 8. Plaintiff paid Defendant's estimated amount and paid an additional $29,000 for expedited shipment of the cremator. *Id*. at ¶ 10. The cremator was to arrive no later than July 31, 2023. *Id*. Defendant did not deliver the cremator until October 31, 2023, ninety-two (92) days after the agreed-upon date. *Id*. at ¶ 11. Rather than refund the expedited shipping fee, Defendant offered a credit only. *Id*. at ¶ 12. Defendant's representative told Plaintiff the cremator would arrive with Underwriters Laboratory ("UL") certification; however, at the time of the statement and when Plaintiff signed the agreement, the cremator selected for Plaintiff, the A-300HT, had not been UL listed or certified as a complete cremation system. *Id*. at ¶¶ 13-14. Had Plaintiff known the A-300HT was not UL certified, Plaintiff would not have executed the proposal. *Id*. at ¶ 16. Defendant also invoiced Plaintiff for the UL certification after making representations that the cremator was UL certified. *Id*. at ¶ 17.

Under the agreement, Plaintiff was responsible for local installation, permitting, and associated labor and costs, which Plaintiff fulfilled. *Id*. at ¶ 9.Despite Plaintiff's full performance under the contract, the cremator has had persistent and substantial operational defects that Defendant has been unable to correct. Dkt. 24 at ¶¶ 42-45. As a result, Plaintiff has been forced to hire independent experts and send cremation cases to other facilities. *Id*. at ¶¶ 23, 46-49. Plaintiff outsourced cremation services as a mitigation measure necessitated by the cremator's excessive emissions, unsafe operating conditions, and inability to sustain lawful and continuous operations. *Id*. at ¶ 37. Plaintiff alleges a breach of contract warranties under the Uniform

Commercial Code (Claim 1), breach of contract (Washington common law) (Claim 2), breach of express warranty (Claim 3), breach of implied warranty of merchantability (Claim 4), breach of implied warranty of fitness for a particular purpose (Claim 5), revocation of acceptance (Claim 6), negligent misrepresentation (Claim 7), breach of the implied covenant of good faith and fair dealing (Claim 8), violation of the Washington Consumer Protection Act ("CPA") (Claim 9), and unjust enrichment (pled in the alternative) (Claim 10).

Plaintiff initiated this case on March 25, 2026 in the King County Superior Court. Dkt. 1-1. Defendants[4] removed this action from state court to this Court on April 29, 2026. Dkt. 1. Defendants filed a motion to partially dismiss the complaint. Dkt. 15. On July 17, 2026, the Court granted-in-part and denied-in-part the partial motion to dismiss. Dkt. 20. The Court gave Plaintiff leave to amend and, on August 10, 2026, Plaintiff filed the FAC. Dkts. 20, 24.[5]

On August 20, 2026, Defendant filed the Second Motion to Dismiss. Dkt. 25. Plaintiff filed a response to the Second Motion to Dismiss on September 3, 2026, and on September 17, 2026, Defendant filed its reply. Dkts. 27, 28. The parties did not request oral argument and the Court finds oral argument is not necessary to resolve this matter.

## II. Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most

---

[4] The original complaint named more than one defendant. The FAC now names only American Crematory Equipment Co.

[5] Cremation Services filed an amended complaint on August 8, 2026 and August 10, 2026. Dkts. 21, 24. The two amended complaints do not appear to be appreciably different. The Court will treat the last filed complaint as the FAC (Dkt. 24).

favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

**III. Discussion**

In the Motion to Dismiss, Defendant seeks partial dismissal of the FAC. Dkt. 25. Specifically, Defendant requests the Court dismiss Claim 7 (negligent misrepresentation) and Claim 9 (violation of the CPA).

A. *Negligent Misrepresentation* (Claim 7)

Plaintiff alleges that, before the parties entered into the Purchase Agreement, Defendant supplied information to Plaintiff for the purpose of inducing Plaintiff to purchase Defendant's crematory equipment and related services. Dkt. 24 at ¶ 125. Specifically, Defendant's Vice President John Raggett stated the machines were UL certified. *Id*. at ¶ 126. Defendant also represented that the cremator: was suitable for Plaintiff's commercial crematory operations, was capable of operating safely, reliably, and continuously in compliance with industry standards, would be delivered with the required UL certification and applicable regulatory approvals, would perform in accordance with Defendant's stated specifications and performance capabilities, and would be free from known defects that would materially impair its safe, lawful, and intended

operation. *Id*. at ¶ 127. Defendant also represented that it possessed the technical expertise, personnel, and ability to provide competent installation support, warranty service, troubleshooting, and ongoing technical assistance necessary to maintain the cremator in safe and operational condition. *Id*. Plaintiff contends Defendant provided these representations to guide Plaintiff in deciding whether to purchase Defendant's cremator, knowing Plaintiff would rely upon the statements in making its purchasing decision. *Id*. at ¶ 128.

Plaintiff asserts "Defendant failed to exercise reasonable care in obtaining, verifying, and communicating the information provided to Plaintiff." *Id*. at ¶ 129. Plaintiff contends the representations were independent of Defendant's subsequent contractual promises to manufacture, deliver, repair or warranty the equipment. *Id*. at ¶ 130. Rather, the statements were made to induce Plaintiff to enter into the agreement. *Id*. at ¶ 131. Plaintiff relied on the pre-contractual representations and, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff suffered substantial damages. *Id*. at ¶¶ 132-34. Plaintiff maintains "Defendant's negligent misrepresentations were independent of their contractual obligations because they induced Plaintiff to enter into the transaction and concerned existing material facts, rather than merely future promises of contractual performance." *Id*. at ¶ 135.

"To prevail on a claim of negligent misrepresentation, a plaintiff must prove by clear, cogent, and convincing evidence that (1) a defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in business transactions, (3) the defendant was negligent in obtaining or communicating false information, (4) the plaintiff relied on the false information supplied by the defendant, (5) the plaintiff's reliance on the false information supplied by the defendant was justified, and (6) the false information was the proximate cause of

damages to the plaintiff." *Baker Boyer Nat'l Bank v. Foust*, 436 P.3d 382, 388–89 (Wash. 2018). Washington has adopted the economic loss rule, which bars claims for negligent misrepresentation when a contract allocates liability. *Griffith v. Centex Real Estate Corp.,* 969 P.2d 486 (Wash. 1998). However, the economic loss rule does not bar a claim of negligent misrepresentation if the duty to not commit negligent misrepresentation is independent of the contract. *Jackowski v. Borchelt*, 278 P.3d 1100, 1109 (Wash. 2012).

In the FAC, Plaintiff's negligent misrepresentation claims focuses on Defendant's representative, Raggett, making material pre-contractual representations concerning the cremator's UL certificates. Plaintiff alleges that, prior to any contractual proposals, Raggett told Plaintiff all the cremators were UL certified and any cremator would be delivered with UL certifications. Dkt. 24 at ¶¶ 126-27. The cremator delivered to Plaintiff did not, however, have the required UL certifications and Defendant charged Plaintiff for UL certifications after delivery of the cremator and equipment. *Id*. at ¶¶ 17, 133. Plaintiff relied on the statement from Raggett that "the machines are all UL certified" as a representation of existing certification status. *Id*. at ¶¶ 126-27. This statement, among others, induced Plaintiff to enter into an agreement with Defendant and is separate and distinct from Defendant's subsequent failure to deliver the cremator as promised by the written agreement, which included that the cremator would be UL certified. *See id*. at ¶ 103.

At this stage, the Court finds Plaintiff has alleged sufficient facts to show Defendant made false statements regarding UL certifications independent of the contract between Plaintiff and Defendant that induced Plaintiff to enter into a business transaction with Defendant. The Court finds Plaintiff has sufficiently stated a negligent misrepresentation claim that is not barred by the economic loss rule.

B. *Consumer Protection Act* (Claim 9)

Next, Defendant asserts Plaintiff's CPA claim should be dismissed. Dkt. 25. In order to recover under the CPA, a plaintiff must prove "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 533 (1986) (en banc). "The CPA is to be 'liberally construed that its beneficial purposes may be served.'" *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 889 (Wash. 2009) (quoting RCW 19.86.920). If deception is alleged, the plaintiff "need not show that the act in question was intended to deceive, but that the alleged act had the capacity to deceive a substantial portion of the public.'" *Hangman Ridge*, 105 Wn.2d at 785. "Deception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer." *Panag*, 166 Wn.2d at 50 (citation omitted). "Whether an act is unfair or deceptive under the CPA is a question of law." *State v. LA Invest., LLC*, 2 Wn. App. 2d 524, 538, 410 P.3d 1183 (2018).

Plaintiff alleges Defendant committed unfair and deceptive acts or practices related to representing the cremator was operational and UL certified at delivery. Dkt. 24 at ¶ 147. Plaintiff further asserts that Defendant committed unfair and deceptive acts related to: providing competent warranty service and technical support; billing Plaintiff for services that were not provided; failing to disclose known defects; and voiding or attempting to void warranties. *Id*. Plaintiff states Defendant's conduct impacts the public because they sell cremation equipment to Washington consumers. *Id*. at ¶ 150.

The only issue in dispute is whether the public interest is impacted. *See* Dkt. 25. Courts use a four-factor test to evaluate whether a private dispute implicates the public interest:

> Factors indicating that a private dispute affects the public interest include: (1) whether the "alleged acts" were "committed in the course of the defendant's business"; (2) whether the defendant "advertise[d] to the public in general"; (3) whether the defendant "actively solicit[ed] th[e] particular plaintiff"; and (4) whether the parties "occupy unequal bargaining positions."

*Zunum Aero, Inc. v. Boeing Co.*, 2022 WL 2116678, at *12 (W.D. Wash. June 13, 2022) (alteration in original) (quoting *Hangman Ridge*, 105 Wn.2d at 790). "Not one of these factors is dispositive, nor is it necessary that all be present." *Hangman Ridge*, 105 Wn.2d at 791.

In the FAC, Plaintiff asserts the alleged acts were committed in the course of Defendant's business and that Defendant maintained a publicly available product catalog and a website that publicly represents its services and products; thus, advertising to the public in general. *See* Dkt. 24 at ¶¶ 143-45. However, the FAC fails to show Defendant actively solicited Plaintiff or that the parties had unequal bargaining positions. In this case, these two final factors are dispositive.

First, Plaintiff alleges Defendant actively solicited Plaintiff by providing written proposals, technical specifications, pricing information, and more to induce Plaintiff to purchase. Plaintiff states it researched and learned of Defendant through its public website and admits Defendant's advertising was not designed for Plaintiff. Dkt. 24 at ¶¶ 59, 144. Further, Plaintiff contacted Defendant about purchasing a cremator; Defendant did not solicit Plaintiff. *Id*. Rather, the FAC describes two parties exchanging information before entering into a contractual agreement. The Court finds the allegations in the FAC are not sufficient to show solicitation. *See Schmidt v. Cornerstone Invs., Inc.,* 115 Wash.2d 148, 167, 795 P.2d 1143 (1990) (prohibiting solicitation where the defendant chose people "at random" and induced them to buy property investments); *Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wash.App. 553, 562, 825 P.2d 714 (1992) (finding cold-calling random members of the public and presenting them with fraudulent purchase agreements had potential to deceive a substantial portion of the public).

Even if Defendant's engagement in pre-contractual discussions was sufficient to show solicitation, Defendant's alleged private solicitation can only affect the public interest if it was part of "a pattern or generalized course of conduct," creating a "real and substantial potential for repetition of defendant's conduct." *Eifler v. Shurgard Capital Mgmt. Corp.,* 71 Wash.App. 684, 697, 861 P.2d 1071 (1993). Here, there are no specific facts suggesting Defendant has engaged in a generalized pattern of solicitation and Plaintiff does not assert facts necessary to infer Defendant will repeat the allegedly deceptive conduct. Therefore, Plaintiff has not sufficiently shown Defendant actively solicited Plaintiff.

Second, Plaintiff contends that parties occupied an unequal bargaining position because Defendant possessed superior knowledge concerning the product. Dkt. 24 at ¶ 150(d). The Court finds this is not sufficient to show unequal bargaining power. If this allegation were sufficient, every contractual agreement would potentially result in an unequal bargaining position between the contracting parties. Plaintiff's decision to rely on Defendant's representations alone does not place Plaintiff in an unequal bargaining position.

As the Court previously stated, Plaintiff has not alleged that Defendant solicited Plaintiff prior to Plaintiff seeking Defendant's products and services. Dkt. 20. Plaintiff alleges it entered into a contract with Defendant after contacting Defendant about purchasing a cremator. This is not sufficient to show this private dispute implicates a public interest. Therefore, the Court finds Plaintiff has failed to state a CPA claim. *See Surface Art, Inc. v. Tesserae Techs., LLC*, 2025 WL 1267433, at *13 (W.D. Wash. May 1, 2025) (granting motion to dismiss CPA claim where the complaint alleged only one public-interest factor that weighed in favor of finding the private dispute implicates the public interest); *Robinett v. Opus Bank*, 2013 WL 5850873, at *4 (W.D.

Wash. Oct. 30, 2013) (dismissing CPA claim where only two "public interest" factors weighed in favor of sustaining the claim).

**IV. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court finds Plaintiff has been given leave to amend and finds further leave to amend the CPA claim would not cure the deficiencies.

**V. Conclusion**

For the above stated reasons, Defendant's Partial Motion to Dismiss is granted-in-part and denied-in-part. Plaintiff's CPA claim is dismissed, but Plaintiff's negligent misrepresentation claim may proceed in this case at this time. All other claims alleged in the FAC remain.

Dated this 28th day of October, 2026.



David W. Christel
United States Magistrate Judge